**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH DIANDA, individually, and on behalf of all others similarly situated, <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> PDEI, INC., a California Corporation; REACTOR FILMS, INC., a California Corporation, <br><br>         Defendants - Appellees. | No. 08-56981 <br><br> D.C. No. 2:08-cv-01220-VBF-FFM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 6, 2010[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and THOMPSON, Circuit Judges, and GRAHAM, Senior District Judge.***

Plaintiff-appellant Joseph Dianda worked for two days as a "best boy" in the production of a television commercial, but was allegedly paid three days late. Dianda sued the production company and PDEI, Inc. ("PDEI") for various violations under the Fair Labor Standards Act ("FLSA") and California law. The defendants moved to dismiss the action. The district court denied the motion as to the production company, but granted the motion as to PDEI after determining that PDEI was not Dianda's "employer" under the FLSA or California law. Dianda appeals. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.[1]

I.    **"Employer" Status Under California's Labor Code and FLSA**

The essence of the test for "employer" status under the California Labor Code is "whether the principal has the right to control the manner and means by which the worker accomplishes the work." *Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Cal. Ct. App. 2007). FLSA's test is broader, asking whether the "individual [here, PDEI] exercises control over the nature and

---

[***]    The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

[1]    See our decision in *Serino v. Payday California, Inc.*, No. 08-56940, slip. op. (9th Cir. 2010), which raises the same issues.

2

structure of the employment relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1090-91 (9th Cir. 2009) (quotation marks omitted).

Dianda has not shown that PDEI had the right to control the details of his work or that PDEI exercised control over his employment relationship. In his deposition, Dianda admitted that PDEI did not tell him how to do his job, PDEI did not hire him, PDEI did not terminate him, PDEI never communicated with him in any way, and Dianda never took instructions or directions from PDEI concerning the commercial. Nonetheless, Dianda argues that his pay stub and W-2 form identify PDEI as the "employer." However, "[t]he parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship." *Estrada*, 64 Cal. Rptr. 3d at 335-36. *See also Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.").[2] Furthermore, PDEI's alleged use of its own account to pay wages and PDEI's maintenance of payroll records are explainable as part of the service it provides as a payroll company. *See, e.g.*, *Moreau v. Air France*, 356 F.3d 942, 950-52

---

[2] Dianda appears to contend that he and PDEI entered into an implied or express contractual relationship establishing PDEI as his employer. Any such contract is irrelevant, as Dianda does not argue that these supposed contracts gave PDEI control over the employment relationship or control over Dianda's work.

3

(9th Cir. 2004) (determining that Air France was not a joint employer of contracted service workers where Air France's involvement was to ensure compliance with regulatory requirements).

## II.  Dianda's Additional Contentions

Dianda argues that PDEI should be equitably estopped from denying its employer status.  This argument fails because Dianda cannot reasonably claim ignorance of the fact that PDEI was not his employer.  *See Laird v. Capital Cities/ABC, Inc.*, 80 Cal. Rptr. 2d 454, 464 (Cal. Ct. App. 1998).

Dianda also argues he was denied a full opportunity to rebut PDEI's factual assertions prior to the district court's dismissal without oral argument.  This is belied by Dianda's filing of at least eight opposition documents before the dismissal.

**AFFIRMED**.

4